UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DALE WILLIAMSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL ASTRUE Commissioner of the ) <br> Social Security Administration, Baltimore, ) <br> Maryland, ) <br> ) <br> Defendant. ) | Case No. 4:12-cv-00019-TWP-DML |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant Michael Astrue's, the Commissioner of Social Security Administration ("the Commissioner"), Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained in this Entry, the Commissioner's motion (Dkt. 9) is **GRANTED**.

**I.   BACKGROUND**

Plaintiff Dale Williamson ("Mr. Williamson") seeks judicial review and entry of judgment for relief including costs and attorney fees of the Commissioner's denial of his application for Supplemental Security Income and Disability Insurance Benefits under the Social Security Act, 42 U.S.C. §301, *et seq.* (the "Act").

Mr. Williamson applied for Social Security Income and Disability Insurance Benefits and his application was denied on January 6, 2011 by an Administrative Law Judge. He subsequently requested a review from the Appeals Council, and the Appeals Council denied Mr. Williamson's request for review in a Notice of Appeals Council Action dated September 12, 2011. Mr. Williamson filed a complaint with this Court seeking judicial review of the

Commissioner's final decision on February 29, 2012. (Dkt.1).  The Commissioner filed a Motion to Dismiss with this Court on May 21, 2012 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 9).

## II.     LEGAL STANDARD

When reviewing a 12(b)(6) motion, the court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff.  *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted).  However, the allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted).  To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III.    DISCUSSION

Mr. Williamson was denied Social Security Income and Disability benefits by an Appeals Council of the Social Security Administration on September 12, 2011.  Mr. Williamson contends he did not receive notice of this denial until January 3, 2012. (Dtk. 11).  Additionally, Mr. Williamson has produced a copy of the Notice with an unsigned receipt stamp and a blank envelope with a stamp post-marked December 27, 2011 indicating that the Notice and envelope were received, but not who received or sent it.

The Commissioner claims Mr. Williamson's civil action is barred by the sixty day limitation specified in §205(g) of the Social Security Act because Mr. Williamson was required to file a civil action on or before November 16, 2011 for judicial review of his denial by the Appeals Council. (Dkt. 14.).

**A.     Mr. Williamson's Claim is Barred by a 60 Day Limitation**

The Social Security Act establishes a remedial structure for persons alleging disability and entitlement to benefits.  A plaintiff must receive a final decision from the Commissioner before seeking judicial review of her claim under 42 U.S.C. § 405(g).  Additionally, the Social Security Act requires that a complaint challenging a final decision of the Commissioner be filed within 60 days of receiving the decision.  42 U.S.C. § 405(g); *Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990).  This "60 day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478, (1986).

The final decision of the Commissioner in this case was issued on September 12, 2011 when the Appeals Council denied Mr. Williamson's request for review of the decision of the Administrative Law Judge.  The date of receipt is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. *See* 20 C.F.R. §§404.901, 422.210(c).  Therefore, Mr. Williamson was required to file a civil action on or before November 16, 2011 unless a reasonable showing to the contrary is made to the Appeals Council.

Mr. Williamson has failed to reasonably show he received the Appeals Council Notice more than five days after the Appeals Council issued its final decision on September 12, 2011. This Court does not consider a copy of the Appeals Council Notice with a stamp indicating that it was received January 3, 2012, but not who received it, a reasonable showing that Mr.

Williamson received the Notice five days after the final decision was issued. Additionally, the Court finds it odd that Mr. Williamson has an unsigned stamped document that was sent to his residence. Moreover, the blank envelope with the post-marked date of December 27, 2011 does not support Mr. Williamson's argument, because it provides no evidence of who received or sent the envelope. Furthermore, the 60 day period can be extended by the Commissioner under certain circumstances, but no such extension was sought or granted in this case. *See* 20 C.F.R. §§ 416.1411, 416.1482.

The 60 day statutory filing period may be subject to waiver, estoppel, or equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, (1982). Here, the Commissioner has not waived the defense of untimeliness. Additionally, Mr. Williamson does not make an estoppel argument. Rather, he argues there was good cause for his failure to timely file his complaint because he did not receive his denial of benefits from the Social Security Administration until January 3, 2012, approximately three months after his hearing. However, "equitable tolling is granted sparingly." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (in context of statute of limitations for §2255 motion). "Equitable tolling in 405(g) has a 'narrow reach.'" *Johnson v. Sullivan*, 922 F.2d 346, 355 n.5 (7th Cir. 1990). Additionally, "equitable tolling is proper where the government's secretive conduct prevented the plaintiff from knowing a violation of rights." *Bowen,* 476 U.S. at 481. Here, Mr. Williamson's evidence of the stamped copy of the Appeals Council decision is insufficient to prove secretive conduct of the government.

## IV. CONCLUSION

The 60 day limitation constitutes a condition on the waiver of sovereign immunity and must be strictly construed. *Bowen*, 476 U.S. at 479. Mr. Williamson's complaint for judicial review was not filed within the 60 day time frame. 42 U.S.C. §405(g). Accordingly, the Commissioner's motion to dismiss is **GRANTED**.

SO ORDERED.

Date: 09/24/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert Anthony Florio
raflorioatty@hotmail.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov